UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LAURA SISCO,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**LEAF HOME ENHANCEMENTS, LLC**, a Delaware registered company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Laura Sisco ("Plaintiff Sisco" or "Sisco") brings this Class Action Complaint and Demand for Jury Trial against Defendant Leaf Home Enhancements, LLC ("Defendant" or "Leaf Home Bath") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to consumers without consent including calls to phone numbers that are registered on the National Do Not Call registry ("DNC") and to consumers who have expressly requested that the calls stop. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Sisco, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Sisco is a resident of Antioch, Illinois.

2. Defendant Leaf Home Bath is a company registered in Delaware with its headquarters located in Lombard, Illinois. Defendant Leaf Home Bath conducts business throughout this Illinois and throughout the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District and into this District where the Plaintiff resides.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2024 alone, at a rate of 146.9 million per day. www.robocallindex.com (last visited May 21, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

13. Leaf Home Enhancements operates using the d/b/a Bath Planet of Chicago and the d/b/a Leaf Home Bath.[3]

14. Leaf Home Bath solicits bathroom remodeling solutions to consumers.[4]

15. Leaf Home Bath places solicitation calls to consumers to generate business.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://apps.ilsos.gov/businessentitysearch/businessentitysearch
[4] https://www.bathplanetlocal.com/about-us/

16. Often times, these calls are being placed to consumers without consent, including to consumers like the Plaintiff who registered their phone numbers on the DNC.

17. To make matters worse, Defendant Leaf Home Bath lacks a sufficient internal do not call system, causing consumers like the Plaintiff in this case to receive unsolicited telemarketing calls despite having requested that the calls stop.

18. Consumers have posted complaints about the unsolicited calls they received from the Defendant, including:

- "Hi, this company will not stop calling me. I cannot block their numbers fast enough. A dozen or more calls each day, always from different local area code numbers. Always without leaving a voicemail."[5]
- "**Have asked Bath Planet to stop calling my phone for months** and while they occasionally take a break they eventually always call back. Ive gotten 5 calls in under 48 hours *** told them again to stop calling. Even after the most recent call where I told them not to call they have still called back"[6] (emphasis added)
- "This company **WILL NOT stop calling me**!!! I've emailed, I've called and still they call. EVEN ON SUNDAY!!!!"[7] (emphasis added)
- "Bath Planet will **hound you relentlessly with calls** from every phone they can get access t"[8] (emphasis added)
- "These people are aggressive and **don't listen to the DO NOT CALL requests**."[9] (emphasis added)

19. According to Robokiller.com, 9,431 calls were placed by the Defendant from phone number 630-326-8476, one of the phone numbers that the Defendant used to call the Plaintiff:

---

[5] https://www.bbb.org/us/il/lombard/profile/bathroom-remodel/bath-planet-of-chicago-0654-88579175/complaints
[6] Id.
[7] https://www.google.com/search?safe=active&client=firefox-b-1-e&q=%22leaf+home+bath
[8] Id.
[9] https://www.google.com/search?q=%22bath+planet+of+chicago

4



[10]

20. In response to these calls, the Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

**PLAINTIFF SISCO'S ALLEGATIONS**

21. Plaintiff Sisco registered her phone number ending in 1717 on the DNC on December 16, 2004.

22. Plaintiff Sisco uses her phone number primarily to interact with friends and family.

23. Plaintiff Sisco's phone number has never been associated with a business or advertised for business purposes.

24. Plaintiff Sisco's phone number is registered to her, not a business.

---

[10] https://lookup.robokiller.com/p/630-326-8476

25. Plaintiff Sisco began receiving unsolicited telemarketing calls from Leaf Home Bath to her phone number in April of 2024.

26. The calls were solicitations for bathroom remodeling.

27. When Plaintiff Sisco answered the calls, the employees would state that they are calling from either Bath Planet or Leaf Home Bath.

28. The caller ID for each call displayed the name Bath Planet.

29. Plaintiff Sisco told multiple callers to stop calling her.

30. In response to her stop requests, the callers would typically hang up.

31. Plaintiff Sisco was so frustrated by the repeated calls she was received from the Defendant despite having asked them to stop calling multiple times, her attorneys sent a demand for consent and stop call request to Bath Planet on April 15, 2024.

32. Mark Silet, the director of marketing for BPI Acrylic d/b/a Bath Planet responded to this request and said that he was forwarding the request to Bath Planet of Chicago.

33. Plaintiff's attorneys did not receive a response from the Defendant. In fact, the unsolicited calls continued throughout April and May of 2024.

34. Between May 11 and May 12, 2024, Plaintiff Sisco received 5 unsolicited calls from Leaf Home Bath, all from 630-326-7337.

35. On May 13, 2024, Plaintiff Sisco received an unsolicited call from Leaf Home Bath, from 630-326-7337.

36. When Plaintiff Sisco answered this call, an employee began a solicitation for bathroom remodeling.

37. Plaintiff Sisco told the employee that she has already asked for the calls to stop. In response, the employee hung up the phone.

38. Despite her stop request, Plaintiff Sisco received subsequent calls from Leaf Home Bath on:

- May 13, 2024 from 630-326-7337;
- May 15, 2024 from 630-326-7337; and
- May 16, 2024 from 630-326-7337 (twice).

39. On May 17, 2024, Plaintiff Sisco received an unsolicited call from Leaf Home Bath, from 630-326-7337.

40. When Plaintiff Sisco answered this call, an employee said that they were calling from Bath Planet and began a solicitation for bathroom remodeling.

41. As with the previously answered call, Plaintiff Sisco told the employee that she has already asked for the calls to stop. In response, the employee hung up the phone.

42. Despite this most recent stop request, Plaintiff Sisco received additional unsolicited calls from Leaf Home Bath on:

- May 17, 2024 from 630-326-7337 (4 calls);
- May 18, 2024 from 630-326-7337 (3 calls); and
- May 19, 2024 from 630-326-8476 at 8:33 AM, 9:34 AM, 12:42 PM and 3:52 PM.

43. 630-326-7337 is owned/operated by Leaf Home Bath.

44. 630-326-8476 is owned/operated by Leaf Home Bath.

45. The unauthorized solicitation telephone calls that Plaintiff received from Defendant Leaf Home Bath have harmed Plaintiff Sisco in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

46. The unsolicited calls that Plaintiff Sisco received also caused her mental distress and wasted her time, as she answered the calls and continually requested that the callers remove her phone number from their calling lists.

47. Seeking redress for these injuries, Plaintiff Sisco, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

48. Plaintiff Sisco brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Leaf Home Bath called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Leaf Home Bath called more than one time on their residential telephone number, (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff, (4) including at least once after the person requested that they stop calling.

49. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or

8

released. Plaintiff Sisco anticipates the need to amend the Class definition following appropriate discovery.

50.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

51.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c)     whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

52.     **Adequate Representation**: Plaintiff Sisco will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Sisco has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Sisco and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Sisco nor her counsel have any interest adverse to the Classes.

53. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Sisco. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Sisco and the Do Not Call Registry Class)**

54. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

57. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Sisco and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

58. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Sisco and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

59. As a result of Defendant's conduct as alleged herein, Plaintiff Sisco and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled,

inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

60. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Sisco and the Internal Do Not Call Class)**

61. Plaintiff repeats and realleges paragraphs 1-53 of this Complaint and incorporates them by reference herein.

62. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are

recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

63. Defendant placed calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

64. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

65. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's

13

conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sisco requests a jury trial.

Respectfully Submitted,

**LAURA SISCO**, individually and on behalf of all others similarly situated,

DATED this 22nd day of May, 2024.

By: /s/ *Juneitha Shambee*
Juneitha Shambee Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL. 60202

773-741-3602
juneitha@shambeelaw.com
ARDC: 6308145

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Classes*